HARDY, Judge.
This is a suit in which plaintiffs, real estate brokers of Monroe, Ouachita Parish, Louisiana, seek to recover commission alleged, to be due .on a sale of property made by the defendant as owner thereof. Exception of no cause and no right of action was. filed on behalf of defendant, which was sustained and plaintiffs’ suit dismissed by judgment of the District Court. From this judgment plaintiffs have appealed.
Briefly, the pertinent facts of plaintiffs’ petition are as follows:
That defendant owned certain described property in the City of Monroe which he listed with plaintiffs for sale, on December 7, 1949, under an exclusive listing contract according to the provisions of a printed form attached to the petition; that the sale price was fixed at $30,000 and defendant agreed to pay plaintiffs a commission of 5% whether the property was sold by de-r fendant, by plaintiffs or by any other person or persons; that about December 27, 1949, defendant advised plaintiffs that he did not wish to sell the property, desired to take it' off the market, and requested the return of plaintiffs’ listing; that one of plaintiffs advised defendant that he had a sale for the property but, nonetheless, would return the listing with the understanding that if defendant decided to sell the property within sixty days he would re-list the same with plaintiffs; that upon these representations the listing was returned by plaintiffs; that as a matter of fact defendant had already arranged to sell the property to one Mrs. Atha, which sale had been discussed with the said prospective purchaser and another real estate agent;- that the property was sold on date of January 6, 1950, to Mrs. Atha for the sum of $26,-900; that defendant was guilty of perpetrating a fraud upon plaintiffs in the attempt to defeat them of their rights to a commission.
The exception is directed to the- proposition that the contract as alleged under plaintiffs’’ petition is purely potestative and therefore not binding upon defendant. In support of this contention defendant relies upon the provisions of Article 2034 of the Civil Code, which reads as follows: “Po-testative condition on part of promisor voidable — Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.”
Examination of the contract form attached to plaintiffs’ petition is convincing as to the potestative nature thereof. No obligations were assumed or undertaken by plaintiff. It is obvious from a perusal of plaintiffs’ petition that there is no allegation to the effect that plaintiffs had performed any services or had taken any action of any nature pursuant to the provisions of the listing agreement.
It may be conceded, even granting the original potestative character of the agreement, that if plaintiffs had actually performed services under the contract it may have been validated and ripened into an enforceable agreement thereby. But no allegation of this nature is made in plaintiffs’ petition. It therefore follows that the agreement must be regarded as potestative and therefore considered as a nullity under the codal provisions above quoted.
Our finding that there was no consideration for the original contract and that it was purely potestativé is equally applicable to the second agreement by which the listing was returned to defendant.
We note that the case before us is easily to be distinguished from those cited in ■brief of plaintiffs’ counsel, Cruse v. Bruscato, La.App., 28 So.2d 56, and Jeter & Monroe v. Daniels, La.App., 25 So.2d 911. These cases involved sales made by the respective owners to prospects procured by the brokers. No such situation exists in the case at bar. There is no allegation in plaintiffs’ petition that they had contacted, *453 interested or procured the eventual purchaser or had any connection whatsoever with her.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.